# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on November 3, 2016

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| ABDUL CURETON, | : | VIOLATIONS: |
| | : | 21 U.S.C. § 841(a)(1) and |
| Defendant. | : | § 841(b)(1)(B)(iii) |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute 28 Grams or More of Cocaine |
| | : | Base) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute Heroin) |
| | : | |
| | : | FORFEITURE: |
| | : | 21 U.S.C. §§ 853(a) and (p) |

## **I N D I C T M E N T**

The Grand Jury charges that:

### COUNT ONE

On or about November 4, 2017, within the District of Columbia, **ABDUL CURETON**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 28 grams or more.

(**Unlawful Possession with Intent to Distribute 28 Grams or More of Cocaine Base**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii))

## COUNT TWO

On or about November 4, 2017, within the District of Columbia, **ABDUL CURETON**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

(**Unlawful Possession with Intent to Distribute Heroin**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## FORFEITURE ALLEGATION

1. Upon conviction of either of the offenses alleged in Counts One and/or Two, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses. The property subject to forfeiture includes $7,341 seized from the defendant.  The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

      (c)      has been placed beyond the jurisdiction of the Court;

      (d)      has been substantially diminished in value; or

      (e)      has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a), and (p))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia.